NICHOLAS WOODALL
PO BOX 194
TEMPERANCE MI. 48182
771-241-4590
STEWARTJ4022000   GMAIL.COM

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

In re Petition of NICHOLAS WOODALL for an Order to Perpetuate Testimony
Pursuant to Fed. R. Civ. P. 27

Petitioner NICHOLAS WOODALL

Vs.

District of Columbia Court (Superior Court — Moultrie Courthouse),
by and through the Executive Office;
 Entity upon which Testimony and
Preservation/Production relief is sought
(official capacities only)

CORRECTED [DOC.#4]

MOTION TO WITHOLD

RESIDENCIAL ADDRESS

 and CLARIFICATION

1:25-mc-00146

Date 1/20/2026

Judge Ana C. Reyes

PLAINTIFF'S MOTION TO WITHOLD RESIDENCE ADDRESS OR FILE

UNDER SEAL WITH THE COURTS, WITHHOLD FROM THE DEFENDANTS

AND TO PERMIT USE OF A P.O. BOX ON THE PUBLIC DOCKET AND

COMMUNICATIONS WITH DEFENDANTS.


and


INCORPORATED REQUEST FOR MATERIALS AND CLARIFICATION


 Plaintiff, proceeding pro se, respectfully moves the Court for leave to file his full residence address private or under seal, and to permit continued use of a P.O. Box address on the public docket, pursuant to D.C. LCvR 5.1(c)(1) and the Court's Minute Order entered December 11, 2025. Plaintiff also requests opinion and materials related to D.C. LCvR 5.1(c)(1).

In support of this motion, Plaintiff states as follows:

1. On December 11, 2025, the Court entered a Minute Order directing Plaintiff to file a notice listing his full residence address and other required contact information, or alternatively to file a motion setting forth reasons for use of a P.O. Box address.

2. Local Civil Rule 5.1(c)(1) expressly permits a party to omit a residence address from the public docket upon leave of Court, and to file that information separately under seal.

3. Plaintiff has a legitimate and good-faith basis for requesting that his residence address and phone number not appear on the public docket.

4. This case involves matters of violence and that have already generated hostility, adverse attention, and confrontational conduct toward Plaintiff:

- A battery that occurred at the Moultrie DC Superior Courthouse by an unknown individual for an unknown reason.
- A refusal by Thomas Hedgepeth their Head of Security to perform a review of the camera footage to identify the attacker and save it for police.
- A refusal by the executive office of the Moultrie Courthouse to reply to communications to say if the review of footage had been performed or a complaint formally filed against Hedgepeth for his refusal and their general counsel Adren Harris who refused to confirm timely delivered preservation requests would result in preservation, where he repeatedly avoided confirming he would begin the preservation procedures.//

2

- A refusal by Metro Police Department to investigate the battery, where the initial officer whom I had to meet in person to file a police report, filed the criminal complaint requesting video footage review as ""not a crime", their supervisors ratified the determination that stabbing a person with a sharp object covered with or injecting a toxic substance is not a crime (believed to be part of the MPD practice or custom of downgrading crimes to falsely reduce crime statistics and statistics of failures of their department to solve crimes.).

5. Public disclosure of Plaintiff's home address would materially increase the risk of harassment, intimidation, or unwanted personal contact, where the defendants employees have acted improperly and I have already been victim of an unknown attacker, where I was physically unknown in the DC area (having only phone, email and mail contact with the US Congress) and have no knowledge of who the attacker was, their intent or reason or if they are a member of the DC courthouse (law enforcers such as jail guards and courthouse security are not uncommonly known to violate the rights of citizens and act criminally [[COMMONWEALTH OF KENTUCK LETCHER CIRCUIT COURT INDICTMENT NO. 24-CR-00204 12/04/2025]; The case is an instance of a Sheriff shooting a Judge, where the judge and others were involved in sexual abuse of court participants [Adkins v. Fields, 7:22-cv-00007 (E.D. Ky.)], inmates and a possible judge sexual relationship with the sheriffs (minor?) daughter. This type of behavior initiated and persisted either with the (law) community being aware or unaware of the government officials characters and illegal behavior.). So its plausible to believe that in our instance DC courthouse and legal community members could be corrupt (especially considering the heightened dangers of DC), and my personal info could serve to facilitate further injury or worse.//

3

6. Defendants by their counsel Adren Harris were scheduled to attend a court hearing on production of video in the related case [2025-CAB-4849]. They failed to provide a withholding log or meet and confer as per DC Sup. rules SCRCP 26(h)(1) require. And filed response that evades in stating the video exists, but failed to attend the hearing, A. Harris after being notified of the courts 1/08/2026 decision to allow subpoena of the video has remained evasive in clarifying the videos existence, refuses to answer if he has personal knowledge of existence. It may (unlikely) resolve claims of spoliation and court access; but not other intended claims of negligence and 1983 failure to supervise and train among other 1983s of policy or retaliation.

7. Plaintiff is proceeding without counsel and lacks the institutional protections available to represented parties, making him particularly vulnerable to misuse of personal identifying information if disclosed publicly or to defendants.

8. Plaintiff's seeks to withhold his address from the Public docket, Opposing parties and court. In a wide to narrowing request, to the extent the court allows withholding.

9. Plaintiff is prepared to immediately file a notice under seal listing his full residence address in compliance with the Local Rules, and to continue receiving mail at his listed P.O. Box for public-facing filings to the measure the court orders.

10.   Granting this motion will not prejudice the Court, or Defendants, will not impede service or case administration, and will further the Court's interest in protecting litigants from unnecessary risk. While maintaining compliance with procedural requirements including any perceived duty to file and attend that may have lead to the rules enactment.

INCORPORATED REQUEST FOR MATERIALS AND CLARIFICATION

11. Plaintiff incorporates all previous paragraphs and this request is part of the Motion to withhold address.

12. I here by ask that the court direct me to LCvR 5.1(c)(1) materials on this rule (the materials used to make and enact the rule) showing its belief as to why the rule is considered to facilitate a governmental interest.

13. LCvR 5.1(c)(1) and the Minute Order impose a mandatory public-disclosure burden on pro se litigants that is not imposed on represented litigants, despite both being similarly situated for all legitimate court purposes. The rule does not to me rationally advance service, accountability, or judicial administration, because alternative mailing addresses— such as P.O. Boxes —serve those interests equally well. Instead, the rule imposes a special disability on self-represented parties—exposing them to heightened safety and privacy risks as a condition of access to the courts—while exempting represented parties entirely. Under Romer v. Evans, 517 U.S. 620, 631–636 (1996); City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 446-450 (1985); and U.S. Department of Agriculture v. Moreno, 413 U.S. 528, 534 (1973), such a disparity seems to fail rational basis review and violates the Equal Protection component of the Fifth Amendment as applied, while I am still searching for further caselaw that maybe on point, it appears the rule lacks basis.

14. Moreover, the Court appears not to have published, docketed, or otherwise made publicly available any findings, committee reports, or explanatory materials describing why LCvR 5.1(c)(1) was adopted, what governmental interest it was intended to serve, or how the Court concluded that mandatory public disclosure of pro se//

//

5

litigants' residential addresses—while exempting represented parties—was necessary or appropriate. In the absence of such information, Plaintiff cannot meaningfully evaluate or address whether a valid governmental rationale exists, nor can Plaintiff fairly assess whether the rule is narrowly or rationally tailored to any legitimate objective.

WHEREFORE, Plaintiff respectfully requests that the Court:

a.      Permit plaintiff to continue using his P.O. Box address with the court, waiving LCvR 5.1(c)(1). [Also grant request c.] or

b.      Permit Plaintiff to continue using a P.O. Box address on the public docket and with the defendants; and

c.      Assess the rule for lawful basis, provide relevant materials and opinion showing rational basis or if in error, notify the Local Rules Committee as appropriate for correction.

OR

d.      Grant leave for Plaintiff to file his full residence address under seal, denying the address from the public; AND request c.

Respectfully submitted by Nicholas Woodall on 1/20/2026

NOTICE OF SERVICE

Served on the courts on 1/20/2026

6