**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| NICHOLAS WOODALL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.  1:25-mc-00146 (UNA) |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| DISTRICT OF COLUMBIA COURT, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM OPINION</u>**

On December 11, 2025, the Court entered a Minute Order directing Plaintiff, who had provided only a P.O. Box address, in contravention of D.C. LCvR 5.1(c)(1), to within 30 days, file a notice listing his full residence address and other required contact information, with the option of filing that information in a notice under seal, or alternatively, file a motion setting forth his reasons for use of the P.O. Box address.  Plaintiff has since filed both a Motion for Leave to Use P.O. Box, ECF No. 4, with a Supplemental Notice, ECF No. 5, and a Motion for Leave to File Residence Address Under Seal, ECF No. 6.  Upon review, the Court grants Plaintiff's Motion for Leave to File Residence Address Under Seal and denies his Motion for use of the P.O. Box address. The Court also grants Plaintiff's pending Application for Leave to Proceed *in forma pauperis*, ECF No. 2.  However, for the reasons stated below, the Court denies Plaintiff's Rule 27 Petition ("Pet."), ECF No. 1, dismisses this matter without prejudice.

Plaintiff, appearing *pro se*, has filed a Rule 27 against the "District of Columbia Court (Superior Court — Moultrie Courthouse), by and through the Executive Office."  Pet. at 1.  He alleges that he was a victim of "a battery that occurred at the Moultrie Courthouse on Jan. 16th 2025, where [he] was stabbed with a needle or sharp object tipped-in or injecting a toxic substance;

while [he] was filing a civil document in room 5000," and courthouse personnel have allegedly refused to review or release "CCTV surveillance footage, access logs, electronic communications, and audit trails," related to the alleged incident without a subpoena. *See* Pet. at 5; Pet. Exhibits, ECF No. 1-1. He demands that the Court enter an order directing preservation of evidence and directing unnamed DC Moultrie Executive Officer(s) and records custodians to offer declarations and appear for depositions. *See* Pet. at 9–10.

A Rule 27 petition may be granted "[i]f the court is satisfied that the perpetuation of the testimony may prevent a failure or delay of justice." Fed. R. Civ. P. 27(a)(3). To comport with Rule 27, a party must (1) demonstrate he expects to bring an action in the federal courts but cannot currently do so; (2) explain the subject matter of the expected action; (3) describe the facts he intends to establish through the desired testimony and the reasons for needing to perpetuate that testimony; (4) identify the adverse parties and the parties to be deposed by name and address; and (5) serve the petition in accordance with the applicable rules. *See* Fed. R. Civ. P. 27(a); *Penn. Mut. Life Ins. Co. v. United States*, 68 F.3d 1371, 1374 (D.C. Cir. 1995) (same). Plaintiff has fallen well short of this standard.

First, Rule 27 applies to "situations where, for one reason or another, testimony might be lost to a prospective litigant unless taken immediately, without waiting until after a suit or other legal proceeding is commenced." *Lucas v. Judge Advoc. Gen., Naval Crim. Invest. Servs.*, 245 F.R.D. 8, 9 (D.D.C. 2007) (citation omitted), *aff'd*, 279 Fed. Appx. 11 (D.C. Cir. 2008) (per curiam). More specifically, Rule 27 petitions are generally granted only when a witness will be unavailable because of age or infirmity. *See Penn. Mut.*, 68 F.3d at 1376; *Petition of Kunimoto*, No. 96-MS-232, 1996 WL 622094, at *3 (D.D.C. Oct. 16, 1996) (same).

Plaintiff has not asserted that testimony could be lost because a potential witness is gravely ill or injured and in danger of dying. *See Penn. Mut.*, 68 F.3d at 1374 (finding that, where the "appellants offered no evidence regarding [the deponent's] age or health which suggest[ed] he may be unavailable for any trial[,]" they failed to satisfy "Rule 27's requirement that a petitioner demonstrate an immediate need to perpetuate testimony."). Indeed, Plaintiff has not even identified a specific deponent, which is insufficient. *See* Fed. R. Civ. P. 27(a)(1)(E); *Penn. Mut.*, 68 F.3d at 1374; *see also In Re Andrews*, No. 11–45, 2011 WL 7168675, at *2 (S.D. Ohio Dec. 2, 2011) (denying Rule 27 petition where the plaintiff failed to to identify a specific deponent, and generally sought to "depose an unnamed 'Informant Claims Examiner,'" and because he did "not contend that the proposed deponent's age or health mandate[d] the immediate need for such testimony.") (citing *Kendrick v. Irwin*, 77 F. App'x 770, 771 (6th Cir. 2003)), *R&R adopted sub nom. Andrews v. United States*, 2012 WL 404818 (S.D. Ohio, Feb. 08, 2012).

Second, Plaintiff has not established that he is currently unable to file a lawsuit. To the contrary, Plaintiff has already filed an assault and battery lawsuit in D.C. Superior Court arising from the alleged incident, *see* Notice of Related Case, ECF No. 3 (citing *Woodall v. Unknown*, No. 2025-CAB-004829 (D.C. Super. Ct. filed Jul. 24, 2025)), which is active and ongoing, and in which the Superior Court has recently ordered officials to produce a declaration and video footage responsive to Plaintiff's subpoena, and it has also ordered an in camera review of same, *see Woodall*, No. 2025-CAB-004829, Dkt. at Order (Apr. 17, 2026).[1]

Accordingly, Plaintiff can indeed to bring the intended lawsuit and demand the relief sought, because he has, and that also moots the relief sought in this case. *See In Re Andrews*, 2011

---

[1]    A court may take judicial notice of the docket and facts on the public record in other court proceedings. *See Covad Commc'ns Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005).

WL 7168675, at *2 (finding that the plaintiff failed to show that he was currently unable to bring suit because he had recently filed at least three lawsuits, and because his *pro se* status and inability to obtain counsel bore no relevance).

Furthermore, as a general rule, applicable here, this Court lacks jurisdiction to interfere with the proceedings or review decisions made by the D.C. Superior Court, *see Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied*, 513 U.S. 1150 (1995), and a federal court cannot intervene in ongoing local proceedings, *see District Properties Assocs. v. District of Columbia*, 743 F.2d 21, 27 (D.C. Cir. 1984) ("[T]he doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), and its progeny restrains federal courts from interfering in ongoing state judicial proceedings.").

Third, Plaintiff has not presented "a particularized reason why the deposition is needed to prevent against loss." *Petition of Kunimoto*, 1996 WL 622094, at *3 (citing *Penn. Mut.*, 68 F.3d at 1375). Plaintiff vaguely conjectures that the materials he seeks are at risk of "automatic deletion or overwrite under standard retention policies[,]" *see* Pet. at 5, but without more specificity, this is no more than *ipse dixit*, *see Lucas*, 245 F.R.D. at 10 (finding that plaintiff's mere "delay and difficulty" in seeking agency materials, and his conclusory assertions that there had been "a delay in justice and . . . a strong possibility that . . . documents w[ould] be lost, resulting in a miscarriage of justice," did not show that he was unable to bring his claims or that evidence was at risk of loss) (citation omitted); *see also Application of Checkosky,* 142 F.R.D. at 7–8 (general concerns about the passage of time and the fading of memories do not constitute a particularized showing that the testimony needs to be taken in advance of the contemplated action.); *Lombard's, Inc. v. Prince Mfg., Inc.*, 753 F.2d 974, 976 (11th Cir. 1985) (Rule 27 petition denied which alleged only that

witnesses were not "immune from matters of life (and death)" and that petitioner was "genuinely concerned" that documents could be destroyed), *cert. denied*, 474 U.S. 1082 (1986).

Put differently, Rule 27 may only be employed in pursuit of "*known* testimony," *Application of Checkosky*, 142 F.R.D. at 7, because it is "not intended to be used as a discovery statute," *Lucas*, 245 F.R.D. at 9 (citation omitted), "and therefore may not be used as 'a method of discovery to determine whether a cause of action exists; and, if so, against whom action should be instituted[,]'" *id.* at 9–10 (quoting *In re Boland*, 79 F.R.D. 665, 668 (D.D.C. 1978); citing *Petition of Gurnsey*, 223 F. Supp. 359, 360 (D.D.C. 1963); *Biddulph v. United States*, 239 F.R.D. 291, 293 (D.D.C. 2007)).  Here, Plaintiff explicitly *demands* discovery, *see* Pet. at 1–2, 6, 10, which is, simply put, "an abuse" of Rule 27.  *See* Wright, Miller & Marcus, Federal Practice and Procedure, § 2071 at 651–652; *see also Petition of Kunimoto*, 1996 WL 622094, at *3 ("Kunimoto's petition must be denied because it seeks discovery, rather than the perpetuation of known testimony as required by Rule 27.").  Accordingly, for all of the above-stated reasons, Plaintiff has failed to carry his burden under Rule 27.

For all of these reasons, Plaintiff's Petition is denied, and this matter is dismissed without prejudice.  A separate Order accompanies this Memorandum Opinion.

Date:   April 27, 2026

_____/s/_____
RUDOLPH CONTRERAS
United States District Judge